Samuel Twyman's Exors. et al *v.* L. B. Walker.

Adverse Possession—Complicity Patents—Possession Within the Interference.
Appellants brough suit in equity against the appellee to quiet their
title to a tract of land embraced by a patent issued in 1785. The appellee
claiming a part of the land under a patent issued in 1827, resisted the
relief sought. Held, that as the appellee failed to show that he had had
the actual possession of the land within the interference for more than
twenty years, appellants claims should prevail.

APPEAL FROM HARDIN CIRCUIT COURT.

April 15, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

This suit in equity was brought by the executors and heirs of
Samuel Twyman, deceased, against the appellee, Lewis B.
Walker, to quiet their title to a tract of land embraced by a
boundary of 680 acres patented to John Reed in 1785, from which
through a succession of conveyances, the plaintiffs derived their
title.

The defendants claiming part of the land under a patent for
240 acres issued to Joseph Vanmeter and Elander Best in 1827,
resisted the relief sought by the plaintiffs, setting up in his answer
that he was equitably entitled to the land under a bond from Best
to him for one moiety, and a like bond executed by Vanmeter to
one Briscoe for the other and assigned to the defendant, which
bonds he alleged were lost, or had been accidentally burned.

The evidence, we think, authorizes the conclusion that Reed's
patent covers the land in controversy.

The defendant failed to prove the execution or destruction of
the bonds under which he claims, or to establish a continued
adverse occupancy of the land in controversy for twenty years
before this suit was brought; but it appears that for more than
twenty years he had been in the actual possession of part of the
patent boundary of Vanmeter and Best claiming it all, including
that which seems to have interferred with Reed's patent, and had

gotten himself logs and other timber from it from time to time, and built a house on it, which was occupied by his tenant Slack, and perhaps others, for some five or six years, when the house was burned. It does not appear how much of the land was in actual occupancy with the house; and it sufficiently appears that during . the same time the plaintiffs and those under whom they claim were in actual occupancy of part of their tract claiming it all.

The circuit court expressing the opinion that the land in controversy was not within the boundary to which the plaintiffs had title, dismissed the petition.

For the reasons already stated, we do not concur in the conclusion of the court.

Wherefore, the judgment is reversed, and the cause remanded, with directions to render a judgment for the plaintiffs conformable with this opinion. ·

*Wintersmith, for appellants.*

*Cofer, for appellee.*